Marina **KACHENKOVA**, Sergei Kachenkov, **Petitioners**,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

Nos. 04–6459–AG(L), 04–6462–AG(CON), 05–2395–AG(CON).

United States Court of Appeals, Second Circuit.

May 18, 2006.

Joseph J. Rose, New York, New York, for Petitioner.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Robert L. Eberhardt, Assistant United States Attorney, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioners Marina Kachenkova and Sergei Kachenkov (A 70–696–344 and A 70–696–343), through counsel, petition for review of the BIA decisions denying their motion to reopen and affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson, denying their applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Here, the IJ properly relied on the State Department Reports and International Religious Freedom Reports to find a fundamental change of country conditions in Latvia and to find that Petitioners had failed to establish a reasonable fear of future persecution in Russia. See Yan Chen v. Gonzales, 417 F.3d 268, 274 (2d Cir.2005). The IJ, here, specifically found that Petitioners' submissions, attempting to show a pattern or practice of persecution of Baptists in Latvia and Russia, failed to overcome the Government's showing of changed country conditions. The IJ's conclusion is supported by substantial evidence.

■ Petitioners' applications for withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c)(2001), directly rested on their fear of future persecution. The IJ found that Petitioners had failed to establish fear of future persecution with regard to their eligibility for asylum; accordingly, the IJ properly found that the Petitioners had not met the higher standard required to establish eligibility for withholding of removal under the CAT. See Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir. 2003). In addition, because Petitioners have not adequately raised the withholding of removal issue before this Court, the petitions for review are denied insofar as they relate to Petitioners' claims for relief under the CAT. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

■ As for Petitioners' claim that the IJ erred in refusing discretionary relief based on the severity of the past persecution, see 8 C.F.R. § 208.13(b)(1)(iii)(A), there is no indication that the IJ abused her discretion in finding such relief unwarranted. See e.g., Reyes–Morales v. Gonzales, 435 F.3d 937, 942 (8th Cir.2006) (finding that the BIA did not abuse its discretion though the petitioner had been severely beaten and deformed).

■ Finally, the BIA did not abuse its discretion in denying the motion to reopen. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (stating that BIA denials of motions to reopen are reviewed for abuse of discretion). Petitioners could not have proven that their attorney's alleged ineffectiveness in conceding Russian citizenship caused prejudice. Had their attorney successfully argued that they were stateless, Petitioners would have been properly removable to Latvia, see 8 U.S.C. § 1231, and the IJ did not abuse

her discretion in determining that Petitioners lacked a reasonable fear of future persecution in Latvia, as well as Russia. Having considered Petitioners' other contentions, we find them without merit.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).